Chief Judge Cooke
(concurring). I concur in the result reached, and in that portion of the majority opinion which addresses the immunity issue. On the identification question, however, I do not understand why the majority purports to create a State constitutional standard barring admission of suggestive out-of-court identifications and then laregly negates that standard by applying harmless error analysis.
For me, the Supreme Court decision in Manson v Brathwaite (432 US 98) decides the issue. That case holds that a suggestive out-of-court identification is admissible so long as it "is not unreliable — i.e., if there was an independent source for the out-of-court identification, it is not constitutionally infirm. The majority now seems to adopt a per se rule excluding all suggestive out-of-court identifications. It then goes on to find admission of such suggestive identifications harmless, apparently because there was an independent source for the in-court identifications. As I read the court’s opinion, it has created a separate State constitutional rule, only to nullify it by harmless error analysis. Such a position fails to come to grips with the issue and lacks legal, logical and analytical validity. Far preferable is the straightforward rule of Manson, which allows admission of reliable out-of-court identifications.
*253 Judges Jasen, Jones, Fuchsberg and Meyer concur with Judge Wachtler; Chief Judge Cooke concurs in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.